**IN THE UNITED STATES DISTRICT COURT**
**FOR NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Wenming Shi, | Case No. |
| Plaintiff, | |
| | **COMPLAINT** |
| v. | |
| Lululemon Athletica Inc., | |
| Defendants. | |

Plaintiff Wenming Shi ("Plaintiff") hereby brings the present action against the Lululemon Athletica Inc. (hereinafter, "Defendant") and alleges as follows:

## INTRODUCTION

Plaintiff brings this action against the Defendant for a pattern of untrue complaints, engaging in business libel, and committing malicious interference with Plaintiff's business operations by asserting baseless claims of patent infringement.

## PARTIES

1.      Plaintiff Wenming Shi ("Plaintiffs") owns several online e-commerce shops that are engaged in the business of manufacturing, distributing, and selling sportswear products globally, including within the Northern District of Illinois. These store fronts are under the name of "The Gym People." One of Plaintiff's key products is high waisted running shorts for workout with mesh liner zipper pockets ("Plaintiff's Product").

2.      Defendant Lululemon Athletica, Inc. ("Defendant") is a limited liability company organized under the laws of Delaware. Defendant is a listed owner of U.S. Design Patent No.

1

D742,095 S ("the '095 Patent") and U.S. Design Patent No. D711,626 S ("the '626 Patent") (collectively, "the Asserted Patents").

## NATURE OF THE ACTION

3.      This is a civil action seeking a declaratory judgment that Defendant's '095 Patent and '626 Patent are invalid and not infringed by Plaintiff's Product.

4.      This action also sues for Declaratory Judgment of Patent Invalidity and Noninfringement under 28 U.S.C. §2201(a) and 35 U.S.C. §102(a)(1).

5.      In addition, this action sues for Tortious Interference with Business Relations or Prospective Economic Advantages.

6.      Lastly, this action sues for Violation of Illinois Deceptive Trade Practices Act.

## JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the 28 U.S.C. §§1331 and 1338(a).

8.      This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C §1367.

9.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 1400(a) in that the Defendant is an entity subject to personal jurisdiction in this District. Defendant directly targets business activities toward consumers in the United States, including Illinois, through its fully interactive e-commerce stores[1] and its patent enforcement activities directed at businesses operating within this District.

## GENERAL FACTS

10.      The '095 Patent, titled "shorts", was filed on Mar 31, 2014, and issued on

---

[1] The e-commerce store URLs are listed on Scheduled A hereto under the Online Marketplaces.

November 3, 2015. However, the patented design lacks novelty and patentability, and is invalid under 35 U.S.C. § 102(a)(1), as substantially identical rack designs have been publicly sold in the U.S. marketplace by third parties since at least 2013.

11.     In addition, the Plaintiffs' Products are substantially differentiated from the Asserted Patents. The delisting of the Products caused significant disruption to Plaintiff's business operations and reputational harm.

12.     Amazon's IP complaint system allows rights holders to enforce their intellectual property by submitting facially valid certificates, such as the disputed U.S. design patent registration here. Upon receipt of such a complaint, Amazon typically removes or disables the accused product listings immediately, without prior notice to the seller. The affected inventory is frozen in Amazon's fulfillment centers, and the seller is rendered unable to fulfill orders or generate sales revenue from the impacted products.

13.     On or about August 16, 2025, Defendant Amazon IP Complaint (ID 18303001141), targeting Plaintiff's listing for ASIN B0FJ7N97QT. This complaint was based on the '095 Patent.

14.     This action is the latest in a clear pattern of harassment by Defendant against Plaintiff. Previously, Defendant filed a baseless infringement complaint against Plaintiff's products based on a different patent, U.S. Design Patent No. D711,626 S. In that instance, Plaintiff successfully appealed the complaint, and Amazon reinstated Plaintiff's listings, putting Defendant on notice that its aggressive tactics were improper.

15.     Disregarding the outcome of the prior dispute, Defendant has now initiated this new complaint, this time asserting the '095 Patent for the same products. Amazon rejected Plaintiff's appeal for this new complaint, leaving Plaintiff with no further recourse through Amazon's internal procedures and forcing the present legal action.

16. In response, Plaintiff obtained an independent legal analysis from the law firm Makridakis PLLC, which concluded that Plaintiff's Product does not infringe the claims of the '095 Patent and that Defendant's assertion is objectively baseless.

17. Defendant's actions were intentional and calculated to disrupt Plaintiff's business. By serially asserting different patents against the same products, Defendant has exploited Amazon's automated takedown system to harass a competitor in bad faith.

18. Plaintiff continues to suffer harm from Defendant's misconduct, including the current threat of product removal, unsellable inventory, reputational damage, and lost business relationships with Amazon and customers. Unless Defendant's conduct is enjoined, Plaintiffs face imminent and irreparable harm.

19. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered substantial economic harm. Plaintiff's store, which previously generated approximately five figures in daily revenue, has suffered cumulative lost profits totaling over $393,000 due to delisting, lost customer traffic, and frozen inventory.

20. The design of Plaintiff's Product is plainly dissimilar from the design claimed in Defendant's '095 Patent, as illustrated below.

|  | PLAINTIFF'S PRODUCT ("THE GYM PEOPLE") | '095 PATENT ("Lululemon") |
|---|---|---|
| Hem Design | THE GYM PEOPLE product is designed with a distinct s-shaped curved hem. | The '095 Patent features a flat hem. |
| Back Hem Design | The back of THE GYM PEOPLE product also features a s-shaped curved hem. | The back of the '095 Patent also features a flat hem. |
| Cutting Curve Design | THE GYM PEOPLE provides a larger and more rounded curve through the | The '095 Patent has a smaller, elliptical curve through the hip and uses |

| | hip and uses gathering techniques for a looser fit. | flatness techniques for a well-fitting design. |
|---|---|---|

**PLAINTIFF'S PRODUCT ("THE GYM PEOPLE")**

THE GYM PEOPLE is designed with a s-shaped curved hem

**"095 PATENT ("Lululemon")**

Lululemon features a flat hem



**PLAINTIFF'S PRODUCT ("THE GYM PEOPLE")**

-Back Hem Design
The back of THE GYM PEOPLE is also a s-shaped curved hem

**"095 PATENT ("Lululemon")**

-Back Hem Design
Lululemon's back also features a flat hem



**PLAINTIFF'S PRODUCT
("THE GYM PEOPLE")**

-THE GYM PEOPLE provides a larger and more rounded curve through the hip
-Cutting Curve Design
THE GYM PEOPLE uses gathering techniques for a looser fit

**"095 PATENT
("Lululemon")**

-Lululemon has a smaller and elliptical curve through the hip
-Cutting Curve Design
Lululemon uses flatness techniques for a well-fitting





**PLAINTIFF'S PRODUCT
("THE GYM PEOPLE")**
-**Curve Fixed Seam Design**
**THE GYM PEOPLE has 5 critical reinforcement Points,
using dispersed bartack placement**

**"095 PATENT
("Lululemon")**
-**Curve Fixed Seam Design**
**Lululemon has 7 critical reinforcement Points,
using high-density bartack placement**

21.     Similarly, Plaintiff's Product is plainly dissimilar from the design claimed in Defendant's '626 Patent, which formed the basis for Defendant's previous baseless takedown complaint, as will be illustrated below.

| | PLAINTIFF'S PRODUCT ("THE GYM PEOPLE") | '626 PATENT ("Lululemon") |
|---|---|---|
| **Hem Design** | The GYM PEOPLE product is designed with a distinct s-shaped curved hem, creating a scalloped appearance. | The '626 Patent features a simple, flat, and nearly straight hem with no significant curvature. |

| **Overall Fit & Back Design** | The GYM PEOPLE product uses gathering techniques and a prominent ruffled overlay on the back, creating a looser and more dynamic fit.  | The '626 Patent features a smooth back panel with a clean, curved seam and a prominent zipper on the waistband. It is a flat, non-gathered design intended for a close fit.  |
| --- | --- | --- |
| **Side Curve Design** | The GYM PEOPLE product provides a larger, more rounded, and overlapping curve through the hip, accommodating the gathered fabric.  | The '626 Patent shows a much smaller and shallower curve through the hip, consistent with its flatter, more conventional design.  |
| **Reinforcement Points** | The GYM PEOPLE product has 5 critical reinforcement points, using dispersed bartack placement on the ruffled overlay. | The '626 Patent shows 7 critical reinforcement points along the back seam, using a high-density placement. |

8



## COUNT I

### DECLARATORY JUDGMENT OF PATENT INVALIDITY AND NONINFRINGEMENT
### (28 U.S.C. § 2201 et seq.)

22.     Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

23.     Pursuant to 28 U.S.C. §2201(a), "in a case of actual controversy within its jurisdiction…..any court of the United States…. may declare the rights and other legal relations of any interested party seeking any declaration." An actual controversy exists between Plaintiff and Defendant regarding the validity and infringement of both the '095 Patent and the '626 Patent. Defendant's current assertion of the '095 Patent and its prior assertion of the '626 Patent create a real and immediate threat that Defendant will continue to assert these patents, justifying a declaratory judgment for both.

24.     The '095 Patent should be declared invalid. Plaintiff's Product and similar products were being sold as early as at least 2013, prior to the '095 Patent's petition date in 2014. Therefore, the design claimed in the '095 Patent is not novel and is invalid under 35 U.S.C. § 102(a)(1).

25.     The '626 Patent should be declared invalid as it is not novel and was anticipated by prior art sold as early as at least 2013, prior to its 2014 petition date, pursuant to 35 U.S.C. § 102(a)(1).

9

26.     Regarding noninfringement, Plaintiff's products look plainly and substantially different than the design claimed in Defendant's Asserted Patents. As illustrated above, the Complaint lists in detail the significant differences between Plaintiff's shorts products and Defendant's Patent.

### COUNT II

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS OR PROSPECTIVE ECONOMIC ADVANTAGE

27.     Plaintiff has a valid and ongoing business relationship with Amazon and a reasonable expectancy of continuing to sell its products to customers. Defendant was fully aware of this relationship. *See Fellhauer v. City of Geneva*, 568 N.E.2d 870 (Ill. 1991).

28.     Defendant intentionally and unjustifiably interfered with this relationship by submitting a series of false and baseless infringement complaints to Amazon, with full knowledge that its claims were without merit, for the purpose of having Plaintiff's successful products removed from the marketplace.

29.     Based on the facts alleged above, Plaintiff has a valid claim of Tortious Interference with Business Relations or Prospective Economic Advantage.

### COUNT III

### VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICE ACT

30.     Pursuant to the Illinois Deceptive Trade Practices Act (DTPA), 815 ILCS 510/2, "a person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, he or she: …. (8) Disparages the goods, services, or business of another by false or misleading representation of fact."

31.     Defendant's infringement complaints to Amazon, which falsely allege that Plaintiff's Product infringes the Asserted Patents, constitute false and misleading representations

of fact that disparage Plaintiff's business and its products.

32.     Based on the facts alleged above, Plaintiff has a valid claim for violation of the Illinois Deceptive Trade Practices Act.

## JURY DEMAND

33.     Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.     A judgment against Defendant as to the alleged causes of action.

2.     A declaratory judgment that U.S. Design Patent No. D742,095 S and U.S. Design Patent No. D711,626 S are invalid.

3.     A declaratory judgment that Plaintiff's Product has not infringed U.S. Design Patent No. D742,095 S and U.S. Design Patent No. D711,626 S.

4.     An order enjoining Defendant, its officers, agents, employees, affiliates, and all persons acting in concert with them from further acts of false complaints to Amazon against Plaintiff's Products based on the Asserted Patents, and further tortious interference with business relations;

5.     An order directing any third-party platforms, including but not limited to Amazon, to reinstate and reopen any listings operated by Plaintiff in connection with Plaintiff's Products;

6.     An award of damages adequate to compensate Plaintiff for Defendant's wrongful conduct, including but not limited to lost profits in an amount to be proven at trial;

7.     Such other and further relief as the Court may deem just and proper.

Dated: September 16, 2025

*Marjorie Ouyang*

Respectfully submitted

11

By: /s/ *Marjorie Ouyang*
One Park Plaza, #600
Irvine, CA 92614
Marjorie.Ouyang@valleysummitlaw.
com
*Attorney for Plaintiff*
*Wenming Shi*